UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUR-TEX HOSIERY, INC., § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. 4:24-CV-4900 |
| § | |
| YUNATI SHAHID, *et al.*, § | |
| *Defendants*. § | |

# **ORDER**[1]

Pending before the Court is Plaintiff's motion for alternative service. ECF No. 11. Plaintiff asserts that "[d]espite due diligence and repeated attempts by process servers," Plaintiff has been unable to personally serve Defendants "at several locations," and so Plaintiff seeks leave to serve Defendants by "text message attachment to Pasha [Shahid]." ECF No. 11 at 1–2. Based on the briefing, the applicable law, and the record, Plaintiff's motion is granted.

## I.  BACKGROUND

During the COVID-19 pandemic, Plaintiff distributed personal protective equipment, including Nitrile gloves. ECF No. 1 ¶ 11. Plaintiff alleges that it contracted with INOV8 to source Nitrile gloves for its customer, Cintas—INOV8 contracted with Defendants, through their now-dissolved company called MedProtect, to purchase what Defendants personally represented to be high quality

---

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Order, ECF No. 8.

1

Nitrile gloves. *Id.* ¶¶ 11–16. Plaintiff alleges that Defendants knew the gloves were not Nitrile gloves. *Id.* Several weeks after Defendant delivered the gloves to Cintas, Cintas discovered that they were made of low-quality material rather than Nitrile. *Id.* ¶ 19. Plaintiff refunded Cintas's purchase and took back the gloves, which remain in Plaintiff's warehouse. *Id.* ¶ 20.

Plaintiff filed suit against INOV8 in October 2022, a case that is ongoing—during that litigation, Plaintiff "gained information about Defendants and MedProtect," and "recently learned of another lawsuit that was filed against Defendants making similar allegations." *Id.* ¶¶ 21–22.[2] Plaintiff alleges that it has been unable to serve Defendants despite diligent efforts and now seeks permission to serve Defendants with alternative service under Rule 106 of the Texas Rules of Civil Procedure. ECF No. 11.

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 4(e), "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Court is in Texas; Plaintiff seeks to effect service in Texas.

---

[2] It is unclear why Plaintiff filed the instant case, instead of adding Defendants as a party to the INOV8 lawsuit.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:

    (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or

    (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

    (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

    (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Under Texas Rule 106(b), if Plaintiff's attempts to serve Defendants in person or by registered or certified mail are unsuccessful, the Court "may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice." *See Ancrum v. Lyft, Inc.*, No. 3:23-CV-1740-S, 2023 WL 8482881, at *2 (N.D. Tex. Dec. 7, 2023) (citing Tex. R. Civ. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993)).

"The Comment to 2020 Change notes that a court may 'permit service of citation electronically by social media, email, or other technology. In determining

3

whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology.'" *Id.* (quoting Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf). Federal courts in Texas permit substituted service by text message. *See id.* (citing *Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021)); *see also Allstate Assurance Co. v. Benton*, No. 3:21-cv-3124-K-BN, 2023 WL 3105098 (N.D. Tex. Apr. 25, 2023).

"The court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Id.* (quoting *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990))). The sworn statement must contain: (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 106(b).

### III. PLAINTIFF SATISFIES RULE 106.

Plaintiff alleges that it has attempted to serve Defendants multiple times and requests the Court's permission to serve Defendants by sending Pasha a text message with the complaint attached. In support of its request, Plaintiff provides: (1) Declaration of Jean-Paul Ciardullo, ECF No. 11-2; (2) an affidavit of due diligence from process server, Marielle Zick, dated December 19, 2024, ECF No. 11-3; (3) an affidavit of non-service from process server, Sara Brucia, dated December 23, 2024, ECF No. 11-4; and (4) another affidavit of due diligence from Zick, dated December 31, 2024, ECF No. 11-5.

Using a database, Plaintiff obtained Defendants' last known addresses. ECF No. 11-2 ¶ 2. The process server attempted personal service of the summons and complaint at 11927 Waterford Estates Court but was unable to enter the gated community; on another attempt at the same address, the process server talked with the current homeowner, who had no knowledge of Defendants, but had bought the house only six months prior. ECF No. 11-3.

Next, the process server attempted personal service at 4354 Cheeseland Road, which was an empty field—the process server left her contact information on a neighbor's door, and during a phone conversation with the neighbor, obtained two cell phone numbers for Defendants. ECF No. 11-4. No one answered at either number, but shortly after, the process server received a call back from the second

number. The caller identified herself as Pasha Shahid. ECF No. 11-4. Pasha gave 11950 Spring Cyprus Road #11 as her address. ECF No. 11-4. The process server attempted personal service at this address, which turned out to be a mini-storage facility not the Defendants' residence as she stated. The process server spoke to an employee who advised that there used to be a mailbox under Pasha Shahid's name, but Defendants had moved. ECF No. 11-5.

With no further leads, Plaintiff's counsel called Pasha's cell number and spoke to Pasha. ECF No. 11-2 ¶ 4. In their conversations, Plaintiff's counsel learned that Pasha had seen the complaint, consulted with a lawyer, but decided not to hire counsel. ECF No. 11-2 ¶ 4. Counsel also learned that Pasha's husband, Yunati Shahid, was in the hospital. ECF No. 11-2 ¶ 4. Counsel asked Pasha to deem service complete and in exchange, he would extend Defendants' time to respond and potentially hire counsel—Pasha did not say whether she agreed. ECF No. 11-2 ¶ 4. Pasha also did not respond to counsel's request for her address. ECF No. 11-2 ¶ 5. Counsel and Pasha also exchanged text messages during this time regarding the merits of this case. ECF No. 11-2 ¶ 4.

Ater more than a valiant effort to serve Defendants, the Court finds that Plaintiff has complied with Rule 106. As noted above, the sworn statement attached to the motion must "strictly compl[y]" with Texas Rule of Civil Procedure 106. *Ancrum*, 2023 WL 8482881, at *3. "Although the affidavit is not required to assert

'how the affiant concluded the address was the usual place of business or abode of the defendant,' the affidavit is required to 'state the address was the defendant's usual place of business or abode.'" *Id.* (quoting *James v. Comm'n for Law. Discipline*, 310 S.W.3d 586, 590 (Tex. App.—Dallas 2010, no pet.) (discussing *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, (Tex. App.—Dallas 1986, no writ))). "Exact recitation of the language of the rule is not required, but the sworn statement must allege the address served is the defendant's place of abode or usual place of business." *Id.* (citing *Mobile Dental Health Mgmt., L.L.C. v. Lalonde*, No. 13-21-00073-CV, 2023 WL 1458897, at *4 (Tex. App.—Corpus Christi-Edinburg Feb. 2, 2023, no pet.) (affidavit stating address was "place of abode" was sufficient for substituted service, even if not reciting the exact language of the rule); *Goshorn v. Brown*, No. 14-02-00852-CV, 2003 WL 22176976, at *2 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, no pet.) (affidavit sufficient for substituted service where the affiant stated the address of attempted service was defendant's address and there was confirmation from a resident the defendant lived at said address). Importantly, this information must be in the sworn statement—allegations in an unsworn motion will not suffice. *Id.* (citing *Garrels*, 706 S.W.2d at 759) (although the motion stated the address where service was attempted was the defendant's home, the affidavit did not, making the attempted substitutes service of process "invalid")).

In this case, Plaintiff and its process server went beyond the usual process of

locating Defendants' residence. While the sworn statements do not state that the address served was "the location of [Defendants'] usual place of business or usual place of abode or other place where [Defendants] can probably be found." Tex. R. Civ. P. 106(b); see ECF Nos. 11-2, 11-3, 11-4, 11-5, each location was thought to be Defendants' residence. Although Plaintiff's counsel states that an online database yielded "a probable recent address" and a "potential address" for Defendants, ECF No. 11-2 ¶ 2, the evidence in this case demonstrates that the addresses where process servers attempted service were not places where Defendants could probably be found.[3] The first address was confirmed to be an unrelated individual's residence. The second address was an empty field. But the neighbor of the field provided the process server with a good cell phone number for Defendant Pasha. Both the process server and counsel conferred with Pasha on that number. She told the process server the third address was her residence. The affidavit contains this information and is sufficient. *See Garza*, 2023 WL 2842766, at *1; *see also Ancrum*, 2023 WL 8482881, at *3.

In fact, Pasha was not telling the truth and sent the process server on another wild goose chase. The third address is a mini-storage facility. The process server

---

[3] *See Garza v. Armstrong*, No. 3:22-CV-00418, 2023 WL 2842766, at *1 (S.D. Tex. Apr. 6, 2023) ("Garza argues that she 'has attempted in good faith to effectuate service . . . in attempting to serve Mr. Forster at Heartbreakers, his usual place of business.' But the evidence that Garza submits in support of her motion demonstrates the exact opposite. Far from establishing Forster's usual place of business, the process server's affidavit definitively *proves* that Heartbreakers [] is *not* Forster's usual place of business.").

learned that Defendants had a mailbox there in the past but had moved. The process server was not provided with a new address for Defendants. Thus, the Court finds not only that the affidavit is sufficient but that the Defendants have admitted they have actual knowledge of the lawsuit, have consulted with an attorney, and have been evading service. Further, the evidence shows that the cell number has been a successful means of communication both for calls and sending documents. Accordingly, the Court finds that texting will provide notice to these Defendants. *See Garza*, 2023 WL 2842766, at *2.

### IV.     CONCLUSION

Plaintiff's motion for alternative service is **GRANTED**. ECF No. 11.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on February 25, 2025.

                                                                            _____
                                                                            **Dena Hanovice Palermo
                                                                            United States Magistrate Judge**